## N. E. BATES vs. DANIEL CASHMAN.

Essex.   March 13, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Contract*, Rescission. *Fraud. Deceit. Equity Jurisdiction*, Specific performance. *Estoppel*.

A person seasonably may rescind a contract which he has been induced to enter into in reliance upon false, though innocent, misrepresentations respecting a cognizable material fact made as of his own knowledge by the other party to the contract.

It is fraud for one in negotiations leading to the making of a contract to state a fact as true of his own knowledge when he has no such knowledge.

A suit for the specific performance of a contract to purchase capital stock and bonds of a corporation cannot be maintained where it appears that the defendant was induced to make the contract by false, though innocent, misrepresentations respecting a cognizable material fact made as of his own knowledge by the plaintiff.

A defendant in a suit in equity for the specific performance of a contract is not estopped to rely upon one good defence, among others urged, merely because he has not always put it forward, where it does not appear that he has acted dishonestly in presenting his reasons for declining to perform the contract or that the plaintiff has been misled to his harm.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 13, 1916, and afterwards amended by the filing of a substituted bill, seeking specific performance of a contract to purchase the capital stock and bonds of the Newbury Cordage Company.

The suit was referred to a master, who filed a report to which both parties filed objections and exceptions. The material findings of the master are described in the opinion. The suit was reserved by *Braley*, J., for determination by this court upon the pleadings, the master's report and the exceptions thereto.

*R. W. Hale*, for the plaintiff.   *J. M. Maguire*, who prepared the brief, was absent on public service connected with the war.

*E. Foss*, for the defendant.

RUGG, C. J.   This is a suit to recover for the breach of a written contract to buy the stocks and bonds of the Newbury Cordage Company of Newburyport. The securities were the means by which to convey control of land with a factory and machinery.

There is no controversy that the contract was made. The defendant contends that he was induced to sign it by such false representations by the plaintiff as release him from obligation to perform. The case was referred to a master. It is reserved upon his report, with exceptions thereto and the pleadings. There is no report of evidence.

It has been found that during the negotiations preceding the contract the plaintiff represented that a right of way, which was a substantial factor of value in the real estate, was owned by the Newburyport Cordage Company and could not be interfered with. This representation was untrue. The plaintiff did not know that it was untrue. The defendant relied upon it and would not have signed the contract if he had known that it was false. A person seasonably may rescind a contract which he has been induced to enter into in reliance upon false though innocent misrepresentations respecting a cognizable material fact made as of his own knowledge by the other party to the contract. The fraud in such a representation consists in stating as a fact that which is not known positively to be a fact. It is no excuse for making such a statement as of one's own knowledge that it was believed to be true or that the true state of affairs had been forgotten. It is fraud to state a fact as true of one's own knowledge when he has no such knowledge. "This rule has been steadily adhered to in this Commonwealth, and rests alike on sound policy and on sound legal principles." *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, 404. *Litchfield* v. *Hutchinson*, 117 Mass. 195. *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, 202. *Adams* v. *Collins*, 196 Mass. 422. *Huntress* v. *Blodgett*, 206 Mass. 318, 324. *Kerr* v. *Shurtleff*, 218 Mass. 167, 171, 172.

In view of the express finding of fact by the master, this principle of law is decisive against the right of the plaintiff.

The defendant is not prevented from setting up this defence. Although he wrote respecting other reasons for declining to perform the contract, he expressly reserved different grounds for his refusal. While of course one cannot fail in good faith in presenting his reasons as to his conduct touching a controversy, he is not prevented from relying upon one good defence among others urged simply because he has not always put it forward, when it does not appear that he has acted dishonestly or that the other

party has been misled to his harm, or that he is estopped on any other ground. See in this connection *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 376.

It is not necessary to consider the other points which have been argued.

*Bill dismissed with costs.*