GERTRUDE R. BRENNAN & another *vs.* OSCAR BONNOYER.

Bristol.    October 22, 1945. — March 7, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Equity Pleading and Practice*, Bill; Master: findings; Appeal; Interest; Decree.  *Interest.*

On appeal in a suit in equity a reference in the final decree to a matter which was beyond the scope of the bill was ordered elided, and exceptions to a master's findings on that matter were ordered sustained.

A party not appealing from a final decree in a suit in equity cannot have the decree made more favorable to him on another party's appeal.

On appeal by the defendant from a decree in a suit in equity by a corporation against its manager, evidence fully reported by the master did not show to be plainly wrong his finding, confirmed by a judge, charging the defendant with a sum found due the corporation; and the decree to that effect was affirmed.

A final decree ordering the defendant to pay the plaintiff a certain amount "with interest from" the filing of the bill was not proper; the amount of interest to the time of the entry of the decree should have been calculated and stated therein.

A provision in a final decree, "that a decree enter in favor of" the plaintiff in a specified amount, was incorrect in form; it should have definitely ordered the defendant to pay that sum.

BILL IN EQUITY, filed in the Superior Court on June 6, 1944.

The case was heard by *Swift*, J.

*W. A. Torphy*, (*T. C. Crowther* with him,) for the defendant.

*J. S. Seligman*, for the plaintiffs.

LUMMUS, J.   This is a bill in equity by a corporation named The Hartwell Cafe, Inc., and one of its stockholders who is the undisputed owner of ten of the twenty shares of its stock, against its manager, to obtain an accounting, a receiver, and a transfer to the individual plaintiff of nine shares of its stock.   The defendant makes no point of multifariousness.   The case was referred to a master under a form of rule, most unusual in recent years (*Minot* v. *Minot*, *ante*, 253, 261), that required him to report the evidence.

It appears from the master's report, which was confirmed without the sustaining of any exception, and from the evidence, that the defendant and John H. Brennan, the individual plaintiff's late husband, conceived and carried into execution in June, 1936, the idea of taking over an unsuccessful restaurant in Fall River and operating it under the name of the Hartwell Cafe. Neither had any money, and the venture was floated through loans from the individual plaintiff and others. Since both Brennan and the defendant had been bootleggers and had criminal records as such, one Destremps was employed to obtain a liquor license and to act as manager. In January, 1937, Brennan and the defendant caused the plaintiff corporation to be formed with a capital stock of $2,000, divided into twenty shares. Destremps became president, Gertrude R. Brennan (the individual plaintiff), treasurer, and one McDonald, clerk. Each subscribed for one share.

In March, 1937, Destremps, who really was only an employee, resigned his offices and left the business. Up to that time no stock had actually been issued. Since Destremps held the liquor license, it was deemed politic to make it appear that he had a substantial stock ownership. Accordingly a certificate for nine shares was issued in his name, and he indorsed it in blank. A certificate for one share was issued to McDonald, who claimed no beneficial interest in it and indorsed it in blank. The defendant obtained possession of both those certificates, and still has them. A certificate for ten shares was issued at Brennan's direction to his wife, the individual plaintiff, and indisputably belongs to her.

The master found that the share originally issued to McDonald is the property of the individual plaintiff. Whether that conclusion was right or wrong upon the evidence, is of no importance, for that finding cannot stand, because beyond the scope of the bill, which made no mention of that share. *National Rockland Bank* v. *Johnston*, 299 Mass. 156, 157. *Bleck* v. *East Boston Co.* 302 Mass. 127, 130. *Boyer* v. *Bowles*, 310 Mass. 134, 141. *Drury* v. *Hartigan*, 312 Mass. 175, 177. *Associated Perfumers, Inc.* v.

*Andelman,* 316 Mass. 176, 182. *Medlinsky* v. *Premium Cut Beef Co.* 317 Mass. 25, 33. The master found, however, that the nine shares originally issued to Destremps now belong to the defendant. That finding was supported by the evidence. It must stand, not only because it was so supported, but also because the plaintiffs did not appeal and cannot have the decree modified in their favor on the appeal of the defendant. *Kilkus* v. *Shakman,* 254 Mass. 274, 280. *Coe* v. *Coe,* 313 Mass. 232, 234. *Cooperstein* v. *Bogas,* 317 Mass. 341, 345. The evidence warranted a finding that Brennan and the defendant were substantially equal participants in the enterprise.

The corporation was conducted in a loose and slovenly manner. No proper books were kept. Since the death of Brennan on September 17, 1943, the defendant has been in sole control. Before that date he was largely in control, for Brennan was ill and gave little attention to the business. It was hard for the master to discover the true state of affairs. But from admissions of the defendant the master found that in 1943 and the earlier part of 1944 there were net profits of $8,291.91, to say nothing of salaries of $5,000 each voted to Gertrude R. Brennan, McDonald and the defendant on December 28, 1943, because of some advantage in taxes thereby gained, which salaries, whether actually owed or not, were never paid but were deducted by the defendant in computing the net profits. Adding the salaries to the net profits makes $23,291.91 for which the defendant is accountable to the corporation. But the master reduced this by deducting informal dividends of $3,941.50 paid to the Brennans and an amount of $3,224.88 allowed to the defendant as similar informal dividends upon his own shares. Deducting these leaves a net amount of $16,125.53 which the defendant owes, and was ordered by the final decree to pay, to the corporation, "with interest from the filing of the bill on June 16 [6?], 1944," which ought to have been computed to the date of the final decree and stated therein in dollars and cents. *Boyer* v. *Bowles,* 316 Mass. 90, 95. But this error can be corrected in the final decree after rescript.

The defendant contends that there was error in not crediting him with money paid for repairs, improvements, taxes and other items. What evidence the master should believe was for him to decide, and we cannot revise his findings made on oral testimony, confirmed as they were by the judge, unless plainly wrong. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 490. See also *Culhane* v. *Foley,* 305 Mass. 542. The master considered the questions of fact now argued, and found that the defendant had assets of the corporation sufficient to pay the items for which he now seeks credit, and to leave to be accounted for the amount stated in the final decree. We cannot say that either the master or the judge was wrong in this respect.

There was error in the interlocutory decree in failing to sustain the exceptions numbered 1 and 7 relating to the ownership of the share originally issued to McDonald. Those exceptions are sustained, and as thus modified the interlocutory decree confirming the report is affirmed. The final decree is modified by striking out all reference to the share originally issued to McDonald, by computing the interest to the final decree after rescript and stating the amount in that decree in dollars and cents, and by definitely ordering the defendant to pay the sum of the principal and interest, stated in dollars and cents, to the corporation. The form of the final decree, in ordering "that a decree enter in favor of the corporate plaintiff . . . against the defendant" in a certain sum, is not to be approved. As so modified the final decree is

*Affirmed with costs to the plaintiffs.*