HERMAN H. GOLDING *vs.* 108 LONGWOOD AVENUE, INC.

Suffolk. January 6, 1950. — March 8, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant*, Rescission of lease. *Fraud. Equity Jurisdiction*, Rescission. *Motive. Equity Pleading and Practice*, Findings by judge. *Words*, "Do not find."

The test to determine whether a party to a lease is entitled to rescind it in equity on the ground that he was induced to enter into it by a fraudulent misrepresentation by the other party is the same as in an action of tort for deceit.

A statement in the findings of the trial judge in a suit in equity, "I do not find" a certain fact, was a finding that the burden of proving that fact had not been sustained.

One, who, before a building was completed, executed as lessee a lease of an apartment therein relying on a statement made to him by the lessor of the dimensions of the rooms in the apartment as shown on a plan, was entitled to maintain a suit in equity for rescission of the lease on the ground of fraud in law where it appeared that the size of the rooms was material and one of the factors inducing the lessee to execute the lease, that the dimensions were ascertainable by the lessor, that the dimensions as stated to the lessee by the lessor were in fact the dimensions from outside walls to center of partitions, that the lessor intended the lessee to rely on the statement, and that the lessee was given no copy of the plan and justifiably relied on the statement in the belief that the stated dimensions were the inside dimensions, even if the lessor did not know that the statement was a misrepresentation and did not intend to deceive the lessee and the trial judge was "unconvinced" that the lessee's "real reason" for repudiating the lease was the discrepancy in the size of the rooms.

One's motive in asserting a right to rescission in equity on the ground of fraud is immaterial.

A lessee under a lease of an apartment was entitled in equity to rescission of the lease on the ground of mutual mistake of fact if both parties had entered into the lease in the belief that an incorrect statement made to the lessee by the lessor as to the size of the rooms in the apartment was true.

BILL IN EQUITY, filed in the Superior Court on March 21, 1949.

The suit was heard by *Brogna*, J.

*S. B. Stein*, (*C. Evans* with him,) for the defendant.

*A. W. Parker*, (*S. H. Rudman* with him,) for the plaintiff.

WILKINS, J.   This is a bill in equity to rescind a lease of an apartment in a building in the course of construction, because the rooms were smaller than represented, and to recover an advance payment of rent.   The bill, as amended, is based upon fraud and, in the alternative, upon mutual mistake of fact.   The defendant appealed from a final decree in favor of the plaintiff.   The evidence is not reported.

The judge made voluntary findings of material facts, which, as the result will not be affected, we assume were intended to include all facts necessary for the determination of the issues, and treat as the equivalent of a report under G. L. (Ter. Ed.) c. 214, § 23, as amended.   The defendant's treasurer told the plaintiff that the rooms were to be of certain specific measurements.   The dimensions given to the plaintiff were in fact distances shown on a blue print plan as running from the exterior walls to the center of partitions, but the plaintiff, who was given no copy of the plan, believed them to be inside measurements, and in that belief entered into the lease.   The sizes of the rooms were one of the factors which induced him to sign.   After the plaintiff learned that the rooms were to be smaller than he had been told, and before the apartment was completed and made ready for occupancy, he notified the defendant that he repudiated the lease because of the discrepancy in the sizes of the rooms.   The judge also stated, "But I am unconvinced that this was the real reason for the repudiation," and "I do not find that the defendant misstated the sizes of the rooms with the intention to deceive the plaintiff."

The defendant rightly makes no contention that it was not bound by the statements of its treasurer.   *McCarthy* v. *Brockton National Bank*, 314 Mass. 318, 325.

It is first necessary to analyze the findings.   It is not expressly said that the defendant gave the plaintiff the outside measurements as inside measurements.   But that is implied in the finding that the plaintiff learned that the rooms were to be smaller than he had been told.   There

was, accordingly, a misstatement of fact as to area, which could be the basis of an action for deceit, should the other elements of such an action be present. *Powers* v. *Rittenberg,* 270 Mass. 221, 223–224. *Forman* v. *Hamilburg,* 300 Mass. 138, 139–140. The test to determine whether the plaintiff is to be relieved of his contract by reason of any fraudulent misrepresentation is the same as that applied in actions of tort for deceit. *Plumer* v. *Luce,* 310 Mass. 789, 801–802. The statement by the judge, "I do not find that the defendant misstated the sizes of the rooms with the intention to deceive the plaintiff," is a finding that the burden of proof in this respect had not been sustained. *Uccello* v. *Gold'n Foods, Inc., ante,* 319, 321, 322. *National Shawmut Bank* v. *Cumming, ante,* 457, 461. The burden of proving intent to deceive was on the plaintiff. *Kerrigan* v. *Fortunato,* 304 Mass. 617, 620. *Gedart* v. *Ejdrygiewicz,* 305 Mass. 224, 228. Hence, there was no fraud in fact.

We must proceed in the absence of any finding as to the defendant's knowledge of the misrepresentation. The defendant either did, or did not, know whether the outside measurements which it gave as inside measurements of rooms in the building, of which it was making a lease as landlord, were in fact outside measurements. If it did know, there was fraud in law, even without intent to deceive. *Flynn* v. *Colbert,* 251 Mass. 489, 493. If it did not know, there still could be fraud in law, because the dimensions were facts susceptible of knowledge, and the treasurer's statements could have been found to be a representation that he had knowledge of their truth. *Harwood* v. *Security Mutual Life Ins. Co.* 263 Mass. 341, 347. *Howard* v. *Barnstable County National Bank,* 291 Mass. 131, 136. *Palmer* v. *Motley,* 323 Mass. 129, 136. The representations, contrary to the defendant's contentions, were material. See *Rudnick* v. *Rudnick,* 281 Mass. 205, 207. It could have been inferred that the statements were made with intent that the plaintiff rely upon them. It was expressly found that he did so rely, inferably justifiably, and was damaged. *Schleifer* v. *Worcester North Savings Institution,* 306 Mass. 226, 227–228, and cases

cited. Although the sizes of the rooms were only one of the factors which induced the plaintiff to sign, this was enough. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485, 490. The express finding on this point renders immaterial much of the defendant's argument, which broadly asserts, without specification, that the judge found that the plaintiff would have signed the lease whatever the measurements. That the judge was "unconvinced" that the discrepancy in the sizes of the rooms was "the real reason for the repudiation" is immaterial. Where the elements of a cause of action for deceit could have been found to be present, the plaintiff did not have also to prove his motive for exercising his rights. *Crim* v. *Umbsen,* 155 Cal. 697, 702. *Siegel* v. *Lewis,* 74 Cal. App. (2d) 86, 90. See *Bates* v. *Cashman,* 230 Mass. 167; *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 150. We think that a case for equitable relief could have been found on the ground of fraud in law.

The decree did not specify on which ground it was entered. It was expressly found that the plaintiff believed that the measurements given were inside measurements. If this was also the belief of the defendant, there was a mutual mistake of fact, and a case for relief could have been found on that ground also. *Spurr* v. *Benedict,* 99 Mass. 463, 466–467. *Long* v. *Athol,* 196 Mass. 497, 501–502. *Shapira* v. *Wildey Savings Bank,* 213 Mass. 498, 500–501. *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388, 391–392.

*Decree affirmed with costs.*