ENTERPRISES, INC. *vs.* GIRO J. CARDINALE & another.

Suffolk. January 5, 1954. — March 30, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Fraud. Deceit. Contract,* Rescission. *Equity Jurisdiction,* Rescission.
*Equity Pleading and Practice,* Decree.

A suit in equity could be maintained to rescind an agreement under seal
for the purchase by the plaintiff from the defendant of a two family
house and to recover the plaintiff's deposit where the agreement con-
tained a covenant by the defendant that "the rental for suite #1 is $100
monthly and the said apartment is registered at the rent control office
for not less than $100" and it appeared that the registered rental of
the suite was in fact substantially less than $100 monthly both when
the agreement was made and when the plaintiff gave a notice to rescind
it, although the defendant believed the truth of the representation as
to the registered rental and actually received rent of $100 per month
and although on the date for passing papers, subsequent to the plain-
tiff's notice of rescission, the registered rental exceeded $100 a month.
[245–246]

After the entry of a final decree in a suit in equity dismissing the bill
and a counterclaim, the entry of an amendment of the decree pur-
porting to strike out the dismissal of the counterclaim was ineffectual
and the effective final decree was the original decree without amend-
ment. [246–247]

There was error in a final decree in a suit in equity in providing for spe-
cific performance of an agreement for the purchase by the plaintiff
and sale by the defendant of certain real estate where the plaintiff in
the bill sought rescission of the agreement and recovery of his de-
posit and the defendant in the answer contested the plaintiff's claim
and counterclaimed for damage to the property, and neither party
sought specific performance. [247]

BILL IN EQUITY, filed in the Superior Court with a writ
of summons and attachment dated August 28, 1952.

The suit was heard by *Swift,* J.

*Herbert L. Barrett, (M. Arthur Gordon* with him,) for the
plaintiff.

*Harry M. Lack,* for the defendants.

LUMMUS, J. The plaintiff, a corporation, on August 28,
1952, brought this suit in equity against the defendants, who

are husband and wife.  On April 28, 1952, the parties had entered into an agreement under seal whereby the plaintiff agreed to buy and the defendants agreed to sell, for $21,000, a two family house in Malden.  The agreement contained a covenant by the defendants that "the rental for suite #1 is $100 monthly and the said apartment is registered at the rent control office for not less than $100."  The bill alleges that the rent for suite 1 is only $80 a month, that the rent is so registered at the rent control office, and that the representation by the defendants that the rent is higher was knowingly false and fraudulent.  The prayer of the bill is that the agreement be rescinded, and that the $2,000 deposited by the plaintiff be returned with interest.  The defendants in their answer denied the material allegations of the bill, and inserted a counterclaim alleging that the plaintiff has made substantial changes in the property which have seriously injured it, for which the defendants claim damages.

The evidence is reported, but the judge made no express findings of fact.  A final decree was entered on February 19, 1953, dismissing both the bill and the counterclaim without costs.  Further, the final decree provided that the defendants shall offer the plaintiff a deed within fifteen days, and if the plaintiff should accept it and pay the balance of $19,000, the bill is to be dismissed, and if the plaintiff should not accept the deed the defendants should keep the $2,000 deposited as liquidated damages.  The plaintiff appealed.

It was agreed that on April 28, 1952, when the parties entered into the agreement of purchase and sale, suite 1 was registered at the rent control office at a rental of only $80 a month.  The defendants were responsible for the misrepresentation, even though they believed in the truth of the fact stated.  That fact was susceptible of actual knowledge, and was stated as a fact and not as matter of opinion, estimate or judgment.  *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403.  *Weeks* v. *Currier,* 172 Mass. 53, 55.  *Bates* v. *Cashman,* 230 Mass. 167, 168.  Although the defendants at all material times received $100 a month as rent for suite

1, such receipt was unlawful under Federal law and made them liable to the tenant paying such rent. U. S. C. (1946 ed.) Sup. V, Title 50, Appendix, §§ 1895, 1896. The misrepresentation by the defendants was of concern to the plaintiff, for if the registration should continue at $80 a month the plaintiff, after taking title, could lawfully receive no more than the registered rent. By the agreement, title was to be conveyed to the plaintiff on or before August 1, 1952. But the time for conveyance was postponed until September 1, 1952. Before that day, the plaintiff gave notice that it rescinded the agreement on account of the misrepresentation, and demanded its deposit back.

It is true that on September 1, 1952, suite 1 was registered at the rent control office at a rental of $105 a month. But at the time when the plaintiff rescinded the agreement the registered rental remained less than $100 a month. The subsequent increase in the registered rental did not cure the misrepresentation. *Rykiel* v. *Sklaver*, 259 Mass. 608. The plaintiff was entitled to rescind at the time when it gave its notice of rescission, and was entitled to receive back its deposit. The final decree should have rescinded the agreement and ordered the defendants to repay the plaintiff's deposit with interest.

The final decree, as originally entered on February 19, 1953, dismissed the counterclaim of the defendants. An amendment of the final decree, entered on July 27, 1953, purported to strike out that dismissal. A final decree properly disposes of both bill and counterclaim. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55. *Day Trust Co.* v. *Malden Savings Bank*, 328 Mass. 576, 577–578. *MacDonald* v. *Goff*, 329 Mass. 220, 224. Apart from the correction of some purely clerical error, no change in a final decree can be made after it has been entered. *Thompson* v. *Goulding*, 5 Allen, 81. *White* v. *Gove*, 183 Mass. 333, 340. *Sullivan* v. *Sullivan*, 266 Mass. 228, 229. *Kingsley* v. *Fall River*, 280 Mass. 395, 398. *Prenguber* v. *Agostini*, 289 Mass. 222. *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 684. The amendment of the final decree cannot be considered

as purely clerical. It purported to take out of the decree the determination of an issue that was a proper and even a necessary part of the final decree in the case. The effective final decree from which the plaintiff appealed on March 6, 1953, was the one originally entered on February 19, 1953, without any amendment.

There was no error in that part of the final decree that dismissed the counterclaim of the defendants. That counterclaim was for injuries alleged to have been done to the real estate by the plaintiff. There was evidence tending to show that what the plaintiff did improved the property. By dismissing the counterclaim, the judge impliedly found that no substantial harm was done to the defendants. A reading of the evidence fails to convince us that the judge was in error.

In its bill, the plaintiff sought rescission. The defendants contented themselves with contesting the plaintiff's claim, except for their counterclaim for injury to the property. Neither party sought specific performance of the agreement. Nevertheless in the final decree the judge attempted to provide for specific performance. It is settled that in equity a party may not obtain relief that is inconsistent with the specific relief prayed for, even though an express or implied prayer for general relief is contained in the pleading. *Bleck* v. *East Boston Co.* 302 Mass. 127, 130. *Parry* v. *Parry,* 316 Mass. 692, 698. *Brennan* v. *Bonnoyer,* 319 Mass. 307, 308. *West* v. *Day Trust Co.* 328 Mass. 381, 383. There was error in providing for specific performance in the final decree.

The result is that the final decree is reversed, and a new final decree is to be entered, with costs to the plaintiff, rescinding the agreement of April 28, 1952, ordering the defendants to repay to the plaintiff the deposit of $2,000 with interest from April 28, 1952, and dismissing the counterclaim of the defendants.

*So ordered.*