LYNDALL G. POWELL *vs.* WILLIAM RASMUSSEN.

Hampshire.    November 7, 1968. — January 2, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Deceit.*

It was error to direct a verdict for the defendant in an action for deceit where there was evidence that the defendant stated to the plaintiff as a fact and as of the defendant's own knowledge that a certain corporation had received and still had a specified large sum from sale of its stock, that the plaintiff, relying on the statement, purchased some of the stock, that the amount realized by the corporation from the sale of stock prior to the plaintiff's purchase was a matter susceptible of knowledge, that such amount actually was far less than as represented by the defendant, and that the stock became worthless.

TORT. Writ in the Superior Court dated May 21, 1965.

The action was tried before *DeSaulnier,* J.

*Joseph D. Rosenbloom* for the plaintiff.

No argument or brief for the defendant.

WILKINS, C.J. This action of tort is for deceit in the sale of capital stock. The plaintiff's sole exception is to the direction of a verdict for the defendant.

We summarize evidence which the jury could accept as true. In late 1963 the defendant informed the plaintiff that certain New Jersey parties were interested in acquiring the capital stock of Westfield Broadcasting Company (Broadcasting), owner of radio station WDEW, and asked whether the plaintiff was interested in this investment. The plaintiff replied that he was, and would put up $5,000 toward the purchase price if the other money necessary for the purchase price should be raised. Subsequently, the New Jersey parties, as shareholders of Comet Investment Corporation (Comet), entered into negotiations with Broadcasting to purchase its stock for $100,000.

In the latter part of March, 1964, the defendant informed the plaintiff that the president of Comet was coming to

Westfield to see one of the principal stockholders of Broadcasting, and to sign a buy and sell agreement for Broadcasting stock; that Comet had sold $95,000 "worth of stock" and the money "was there"; and that if the plaintiff wanted "to get in on it," Comet was holding the last $5,000 worth of stock for him. Relying on the defendant's representations, the plaintiff gave the defendant two checks each for $2,500 payable to Comet, one on March 31, 1964, and the other on June 15, 1964, and received two certificates, each for twenty-five shares, of Comet stock. Comet did in fact in May, 1964, enter into an agreement with Broadcasting to purchase all the latter's stock for $100,000.

Within two to three months after June 15, 1964, the plaintiff became aware that the transaction was not going well, and spoke with the defendant, who said that he understood that Comet was having difficulty raising the money. The plaintiff then reminded the defendant that the latter had previously told him that stock in the amount of $95,000 had been sold by Comet and had been paid in. The defendant replied, "That is what I thought too."

The sale of Broadcasting stock to Comet never took place because Comet could not raise the purchase price. The total amount realized by Comet from the sale of stock was approximately $24,000 represented by the sale of 241 shares at $100 a share. The stock was worthless on May 21, 1965, the date of the writ.

In this Commonwealth it has been held in a long line of cases that "the charge of fraudulent intent, in an action for deceit, may be maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge; and in such case it is not necessary to make any further proof of an actual intent to deceive." *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, 404.

The doctrine here early was recognized in two opinions of Chief Justice Shaw. In *Hazard* v. *Irwin*, 18 Pick. 95, 109, it was said, "this case is entirely distinguishable, being one,

where the subject . . . is one of fact, in respect to which a person can have precise and accurate knowledge, and in respect to which, if he speaks as of his own knowledge, and has no such knowledge, his affirmation is essentially false." In *Page* v. *Bent*, 2 Met. 371, 374, Chief Justice Shaw restated the rule: "The principle is well settled, that if a person make a representation of a fact, as of his own knowledge, in relation to a subject matter susceptible of knowledge, and such representation is not true; if the party to whom it is made relies and acts upon it, as true, and sustains damage by it, it is a fraud and deceit, for which the party making it is responsible."

We cite a few of the many cases in this Commonwealth which are in accord. *Milliken* v. *Thorndike*, 103 Mass. 382, 385. *Litchfield* v. *Hutchinson*, 117 Mass. 195, 197–198. *Weeks* v. *Currier*, 172 Mass. 53, 55. *Adams* v. *Collins*, 196 Mass. 422, 428. *Bates* v. *Cashman*, 230 Mass. 167, 168. *Moran* v. *Levin*, 318 Mass. 770, 773. *Golding* v. *108 Longwood Ave. Inc.* 325 Mass. 465, 467. *Enterprises, Inc.* v. *Cardinale*, 331 Mass. 244, 245. *Yorke* v. *Taylor*, 332 Mass. 368, 371. *Pietrazak* v. *McDermott*, 341 Mass. 107, 110. *Yerid* v. *Mason*, 341 Mass. 527, 529–530. See Restatement: Torts, § 526; Prosser, Torts (3d ed.) § 102, pp. 719–721.

The misrepresentation that Comet had received, and still had on hand, $95,000 from the sale of its stock was susceptible of actual knowledge. The defendant had "stated [this] as a fact and not as matter of opinion, estimate or judgment." *Enterprises, Inc.* v. *Cardinale, supra,* 331 Mass. 244, 245. The amount he said had been sold left as the unsold balance the precise amount which the plaintiff had informed the defendant he was willing to pay and could have been a powerful inducement to immediate action.

The direction of a verdict for the defendant finds support in a relatively small number of our cases, some quite old, which seem to require either knowledge of the untruth or recklessness as to the truth or falsity of the statement by the one making it. These cases should not be accepted as

stating the current law of the Commonwealth. Among them are *Tryon* v. *Whitmarsh,* 1 Met. 1, 7–8, *Thaxter* v. *Bugbee,* 5 Cush. 221, 223, and *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167. In *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 578–579, the majority, influenced by *Derry* v. *Peek,* 14 App. Cas. 337, approved the requirement of an intention to mislead, a holding from which Chief Justice Field and Mr. Justice Holmes dissented (pp. 586–587).

It was error to direct a verdict for the defendant.

*Exceptions sustained.*