Swan, J.
After a jury-waived trial, Trustees of Rhoda 27 Condominium Trust (“the trust”), an organization of unit owners, won a judgment against a unit owner, George Orchi (“Orchi”), for unpaid common expenses under G.L.c. 183A, §6(b).[1] The trial judge issued written findings and rulings, and awarded triple damages and attorney’s fees. On appeal, Orchi does not dispute liability, but claims that the damages award improperly included sums litigated in a prior small claims action, that the damages were erroneously trebled, and that the attorney’s fees were calculated incorrectly and were in any event excessive.
The trial court found that Orchi’s monthly common expenses were increased from $180.00 to $250.00 and that from October, 2010 to December, 2012, he paid nothing. In addition, a late charge of $10.00 was imposed for each late payment. This much Orchi concedes. The judge found total damages of $22,283.69, which included attorney’s fees of $17,196.25, and which she then trebled to $66,851.07. The *86 amount of $22,283.69 was taken from a spreadsheet (“spreadsheet”)[2] attached to a memorandum submitted after the close of evidence (but not received into evidence) by the trust’s counsel, showing assessments of $28,813.48 (including the attorney’s fees of $17,196.25[3]) and payments of $6,529.79, for a balance of $22,283.69.
Two items in the spreadsheet were previously litigated in the small claims session and are thus covered by the doctrine of res judicata, which bars a claim where there is “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001). First, the spreadsheet lists $690.00 for “fines and violations.” Received into evidence at trial was a January, 2011, small claims complaint brought by the trust against Orchi for $690.00 for fines and violations, which resulted in a judgment for Orchi. The only conclusion to be drawn — and not denied by the trust on appeal — is that the amounts are for the same claim. It is axiomatic that “a plaintiff who chooses to proceed in the small claims session waives the right to appeal from any adverse judgment.” Zullo v. Culik Law P.C., 467 Mass. 1009 (2014). This element of damages should not have been included in the award. Second, the spreadsheet lists $1,243.92 for “repairs” in 2011, of which the amount of $394.96 was paid. But a trial exhibit consisted of another 2011 small claims complaint for $1,243.92 for repairs, in which the trust was awarded judgment in the sum of $394.36, the same amount shown on the spreadsheet as having been paid. Here again, the trust, and it admitted as such at trial, sought an amount to which a clerk-magistrate in the small claims session found it was not entitled. This sum as well should have been omitted from the award.
The tripling of damages, as argued in the trust’s counsel’s memorandum, to which the spreadsheet was attached and with which the trial judge agreed, is governed by G.L.c. 183A, §6(c), eighth par., which states in part:
If in any action brought to establish the amount owed by a unit owner to the organization, it is established that such unit owner knowingly misrepresented any material fact on any response filed pursuant to the provisions of this section, the organization shall be entitled to recover from such unit owner three times the amount determined to be owed by said unit owner at the time of his response.
The trial judge based her invocation of this provision on a letter from Orchi’s trial counsel, Alan H. King, to the trust’s counsel, dated December 2, 2011 (“King Letter”), almost two months before this action was commenced, and which stated in part:
Mr. Orchi has been demanding an accounting of all funds and expenses *87 from the condo president and treasurer. Mr. Orchi has a right to such an accounting under Sec. 8 of the ‘Declaration of Trust and By Laws’ page 9 requiring the Trustees to furnish to a unit owner ‘all books, accounts, records and financial statements.’ These have been requested many times. The reason why my client withheld his condo payment was the Trustee (s) [sic] failure to comply with this request. The proposed budget (which does not even account for any common area expenses) is not supported by the prior year’s itemized account (emphasis added).[4]
The trial judge found that the King Letter was sent after receipt of a notice by the trust of its intent to collect rent from Orchi’s tenant at his unit. Since, according to exhibits in evidence, a breakdown of expenses for the year 2010 and what purport to be budgets (but not expenditures) for the years 2005, 2006, 2008, 2009, and 2011 were provided to Orchi,[5] the court concluded that the comment in the King Letter that the trust had failed to comply with his request for “an accounting of all funds and expenses” was a material misrepresentation entitling the trust to triple damages under G.L.c. 183A, §6(c), eighth par. The latter provision, however, penalizes only misrepresentations “on any response filed pursuant to the provisions of this section” (emphasis added). Id. The term “this section” refers to the larger statutory scheme, §6 of G.L.c. 183A, by which an organization of condominium unit owners may assess and collect common expenses, and proceed against defaulting unit owners. Within this scheme, paragraphs preceding §6(c), eighth par., specify what a “response” pursuant to “this section [6]” is. Section 6(c), first par., states, “When any portion of the unit owner’s share of the common expenses has been delinquent for at least sixty days subsequent to April 1,1993, the organization of unit owners shall send a notice stating the amount of the delinquency to the unit owner by certified and first class mail” (emphasis added). If the delinquent unit owner has rented the unit to a third party, §6(c), sixth par., allows as an additional remedy the right of the organization to collect the rent for itself, but that “[p]rior to taking any action hereunder, the organization of unit owners shall give to the delinquent unit owner written notice of its intent to collect the rent owed” (emphasis added). Section 6(c), seventh par., follows up with a description of how the unit owner may respond to such notice:
The unit owner shall have ten days after receipt of such notice to file a written response with the organization of unit owners. Such response shall be signed under the pains and penalties of perjury; shall, in the case of monthly installments of common expenses, include proof, in the form of a cancelled check, receipt or other document, that the installment was paid or shall, in the case of any other charge, state in short and plain terms all *88 grounds upon which said unit owner maintains that the amount claimed to be owed to the organization was incorrectly calculated or charged and shall state exactly what amount, if any, the unit owner admits he owes to the organization of unit owners (emphasis added).
The response so described in §6(c), seventh par., is the only “response” that can be “filed pursuant to the provisions of this section [6].” §6(c), eighth par. The statute envisions that the response be a sworn affidavit to set forth facts by a unit owner as proof of the owner’s payment of common expenses. It is by its very nature to be a representation on which the organization of unit owners could rely and, if true, forego further collection proceedings or reduce the amount sought. Such an affidavit, if found to be false, exposes the affiant to the penalty of triple damages. By contrast, the King Letter was written by a lawyer and not a unit owner and was not signed under the pains and penalties of perjury, nor did it include any proof of payment or state what Orchi owed. Putting aside whether the King Letter, in the form of a lawyer’s adversarial correspondence to opposing counsel, was even a misrepresentation attributable to Orchi,[6] or whether the attorney’s fee of $17,196.25 should have been included in the trebling,[7] we conclude that it was not a response under “this section [6].” The trust was not entitled under the statute to treble damages.
For the foregoing reasons, the judgment is vacated, and the matter is returned to the Chelsea District Court for a new trial.
So ordered.

 A mortgagee of the unit, America’s Servicing Co., was named in the complaint as a defendant/party-in-interest, but, according to the docket, was never served, did not appear, and is not a party to this appeal.

 The document is more a list or schedule than a spreadsheet, but since counsel have referred to it as a spreadsheet, we shall, for the sake of consistency, continue to refer to it as such.

 The court had originally added the attorney’s fee to the total of $66,851.07, but thereafter allowed Orchi’s motion under Mass. R. Civ. E, Rule 59(e), to alter the judgment and ordered the duplicated fee deducted from the judgment.

 The page of the King Letter containing this paragraph was inadvertently omitted from the record appendix, and, with the consent of both counsel, a copy of it was given to the panel at oral argument.

 At trial, the trust’s sole trustee testified that she never failed “to provide financial statements to Mr. Orchi.” The record appendix, however, includes only the aforementioned exhibits, and the trust has not moved to supplement the appendix with other financial exhibits, if there were any.

 ‘The principle is well settled, that if a person make a representation of a fact, as of his own knowledge, in relation to a subject matter susceptible of knowledge, and such representation is not true; if the party to whom it is made relies and acts upon it, as true, and sustains damage by it, it is a fraud and deceit, for which the party making it is responsible.” Powell v. Rasmussen, 355 Mass. 117, 119 (1969), quoting Page v. Bent, 2 Met. 371, 374 (1841). The King Letter, in light of the evidence at trial, does not appear to be an untrue statement: Orchi demanded “an accounting of all funds and expenses,” but appears to have received a summary of expenses for only one year (2010) and mere budgets, i.e., estimated future expenditures, for five other years. Moreover, the trial court made no finding that the trust in any way relied on the King Letter for its truthfulness.

 In assessing the attorney’s fee, the trial judge appropriately applied the principles ot Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). However, immediately after the sentence in G.L.c. 183A, §6(c), eighth par., allowing the organization of unit owners to obtain treble damages for misrepresentation, is the following: “Further, the organization of unit owners shall be entitled to collect any charges thereafter becoming due and all of the organization’s costs, including reasonable attorneys’ fees, incurred in such action.” Id. A clear reading of the separate provision for the awarding of attorney’s fees indicates that the fees are to be added after the trebling of damages, i.e., unpaid common expenses, and that the fees are not themselves to be trebled.