**Supreme Court**

No. 2013-152-Appeal.
(PB 09-1677)

Siemens Financial Services, Inc., et al.    :

v.    :

Stonebridge Equipment Leasing, LLC, et al.    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Siemens Financial Services, Inc., et al.     :

v.     :

Stonebridge Equipment Leasing, LLC, et    :
al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.** When a medical imaging center in Woonsocket proved to be unsuccessful shortly after it opened, the resulting fallout spawned this suit, based on the lessor's failure to make lease payments for the center's medical equipment. The defendants and counterclaimants, Stonebridge Equipment Leasing, LLC, New England Radiology & Lab Services, P.C. (NERLS), Muhammad M. Itani, and Bisher I. Hashem, appeal from a final judgment entered by a justice of the Superior Court following the granting of summary judgment in favor of the plaintiffs, Siemens Financial Services, Inc. and Siemens Medical Solutions USA, Inc.[1] The trial justice found that summary judgment was appropriate in favor of the plaintiffs on both their claims as well as the defendants' counterclaims. On appeal, the defendants contend that there are four material factual issues that should have precluded summary judgment. On April 8, 2014, this case came before the Supreme Court pursuant to an order directing the parties

---

[1] Siemens Medical Solutions USA, Inc. and Siemens Financial Services, Inc. are different entities. Where possible, we refer to them collectively as "Siemens" because the distinction between them does not change the analysis of the issues before us or the resolution of those issues.

to show cause why the issues in this appeal should not summarily be decided. We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

In 2005, a group of physicians and businessmen, including Itani and Hashem, began working on an idea for a medical imaging center in Woonsocket. The group contacted Siemens about obtaining medical equipment and financing for the venture. According to defendants, in 2006, plaintiffs provided a business-plan template to Itani and his partners. Siemens also provided defendants with a report entitled "A Demographic and Economic Profile of the Area Surrounding Woonsocket, RI" (the Demographic Profile). That report contained census data and forecasts for the potential demand for health-care services in Woonsocket and the surrounding area. Significantly, the Demographic Profile included a disclaimer on its inside cover that said that the information contained in the report was "based upon best available data but should not be taken as a prediction of the future," and it further "encourage[d] the customer to seek independent verification[.]"

In 2007, plaintiffs agreed to lease medical diagnostic imaging equipment to defendants, including magnetic-resonance-imaging (MRI) machines, computerized-tomography (CT) machines, and radiography machines.[2] The defendants created two different entities to operate

---

[2] "MRI" is defined as "a noninvasive diagnostic procedure employing an MR scanner to obtain detailed sectional images of the internal structure of the body." Random House Unabridged Dictionary 1259 (2d ed. 1993). A "CT scanner" or "CAT scanner" is defined as "a specialized x-ray instrument that displays computerized cross-sectional images of the body, providing a noninvasive means of visualizing the brain, lungs, liver, spleen, and other soft tissue." Id. at 329.

the imaging center: one entity, Stonebridge, was to lease the equipment from Siemens and then sublease both the equipment and office space to another entity, NERLS, which in turn would operate the center. Stonebridge entered into a "Master Equipment Lease Agreement" and six leasing schedules with Siemens on March 29, 2007, and subsequently entered into a sublease agreement with NERLS. As part of the transaction, Itani and Hashem executed personal guarantees in which they promised to satisfy any obligations that Stonebridge might fail to meet under the leases.

The imaging center opened in June 2007, but apparently it was spectacularly unsuccessful. As a result, NERLS made only one payment to Stonebridge under the terms of the sublease agreement. In November 2008, Stonebridge stopped making payments to Siemens. On December 16, 2008, plaintiffs notified defendants that they were in default of their obligations, and they demanded the return of all the leased equipment and payment of the stipulated loss value of the equipment, as defined in the leases, together with all past-due and unpaid lease payments and all other amounts due.

On March 23, 2009, plaintiffs filed a fourteen-count complaint in the Superior Court; the complaint included counts for replevin, breach of contract, breach of consent to sublease, and breach of sublease. In their answers, defendants raised a variety of affirmative defenses, including plaintiffs' alleged misrepresentation of "crucial financial and demographical information." The defendants made counterclaims for intentional misrepresentation, negligent misrepresentation, fraud and deceit, and a violation of Mass. Gen. Laws ch. 93A.[3] Notably,

---

"Radiography" is "the production of radiographs," and "radiograph" is defined as "a photographic image produced by the action of x-rays or nuclear radiation." Id. at 1593.

[3]The relevant part of Mass. Gen. Laws ch. 93A states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Id. § 2(a).

defendants' counterclaims alleged that plaintiffs "made representations * * * as to the projected number of diagnostic tests to be performed at the proposed facility, the anticipated profitability of the proposed facility, and the demographical data generated by [Siemens] for the geographical location of the proposed facility."

The Superior Court issued a writ of replevin, and defendants surrendered the equipment, which was subsequently sold for $600,000. The court also dismissed defendants' negligent-misrepresentation counterclaim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The plaintiffs then moved for summary judgment on all the remaining claims and counterclaims, alleging that there were no facts in dispute that would support defendants' defenses to the allegations raised in the complaint or their misrepresentation, fraud, or chapter 93A counterclaims.

On January 8, 2013, the trial justice heard arguments from the parties. In a written decision issued on February 15, 2013, he granted summary judgment for the plaintiffs on all claims and counterclaims. In so doing, the trial justice determined that there were "no genuine issues of material facts because nothing in the record supports the [d]efendants' allegations of misrepresentations * * * or reasonable reliance thereon." Regarding defendants' counterclaim based on Mass. Gen. Laws ch. 93A, the trial justice ruled that summary judgment was proper because defendants had merely cloaked their flawed misrepresentation claims in chapter 93A garments.[4] The defendants filed a timely appeal.

---

[4] In his decision ruling on summary judgment, the trial justice also ruled that Massachusetts law controlled and that parts of the deposition testimony of Dr. Fathalla Mashali should be stricken. No party appealed the trial justice's rulings regarding the stricken testimony or the applicable substantive law. Nonetheless, we do not perceive a conflict between the relevant substantive law of Massachusetts, where defendants contend the misrepresentations were made, Rhode Island, where the imaging center was located, and New Jersey, which was the applicable law according to plaintiffs' summary judgment motion.

On appeal, defendants present the same four factual disputes that they claim should have prevented summary judgment on either plaintiffs' claims or defendants' counterclaims. Those alleged disputes are that (1) plaintiffs provided defendants with more than just medical equipment and financing; (2) plaintiffs provided defendants with the Demographic Profile, upon which defendants relied to their detriment; (3) plaintiffs sold a $40,000 consulting program, known as the "Compass Program," to defendants but never delivered the services that had been promised; and (4) plaintiffs provided business projections for the imaging center to defendants, upon which defendants detrimentally relied.[5]

## II

### Standard of Review

This Court reviews a grant of summary judgment de novo. Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013). When reviewing the evidence, this Court applies the same standard as the trial court and therefore views the evidence in the light most favorable to the nonmoving party. Id. "Summary judgment is appropriate when no genuine issue of material fact is evident from 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' and the motion justice finds that the moving party is entitled to prevail as a matter of law." Id. (quoting Swain v. Estate of Tyre, 57 A.3d 283, 288 (R.I. 2012)). "[T]he nonmoving party bears the burden of proving by

---

[5] During the pendency of this appeal, Stonebridge filed for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. The bankruptcy court filed an order on January 22, 2014, discharging the trustee and closing the bankruptcy of Stonebridge as a no-asset case. On March 20, 2014, the attorney representing defendants filed a motion to withdraw from representing Stonebridge. In that motion, he said that Stonebridge was a non-operating entity and was thus not able to authorize counsel to prosecute the instant appeal. We denied counsel's motion on March 24, 2014.

On August 28, 2013, defendant Hashem filed for bankruptcy. His attorney was granted special permission by the bankruptcy court to argue before this Court on Hashem's behalf.

competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Mruk, 82 A.3d at 532 (quoting Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013)).

## III

### Discussion

The defendants do not dispute that they failed to make the payments that were due under the leases. Rather, they attempt to excuse their failure to perform based on allegations that form the basis of both their affirmative defenses and their counterclaims. Simply put, defendants allege that certain false statements of Siemens induced them into entering into the leases. A party claiming intentional misrepresentation must show that the other party "made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the [claimant] to act thereon, and that the [claimant] reasonably relied upon the representation as true and acted upon it to his damage." Russell v. Cooley Dickinson Hospital, Inc., 772 N.E.2d 1054, 1066 (Mass. 2002) (quoting Danca v. Taunton Savings Bank, 429 N.E.2d 1129, 1133 (Mass. 1982)). "The speaker need not know 'that the statement is false if the truth is reasonably susceptible of actual knowledge, or otherwise expressed, if, through a modicum of diligence, accurate facts are available to the speaker." Zimmerman v. Kent, 575 N.E.2d 70, 74 (Mass. App. Ct. 1991) (quoting Acushnet Federal Credit Union v. Roderick, 530 N.E.2d 1243, 1244 (Mass. App. Ct. 1988)). Additionally, the statement must be "susceptible of actual knowledge." Russell, 772 N.E.2d at 1066. Thus, "matter[s] of opinion, estimate, or judgment" may not be the subject of misrepresentation claims. Id. (quoting Powell v. Rasmussen, 243 N.E.2d 167, 168 (Mass. 1969)).

One seeking relief under Mass. Gen. Laws ch. 93A must prove that the opposing party's conduct is "(1) within 'at least the penumbra of some common-law, statutory, or other established concept of unfairness; or (2) * * * is immoral, unethical, oppressive, or unscrupulous.'" Eastern Motor Inns, Inc. v. Ricci, 565 A.2d 1265, 1274 (R.I. 1989) (quoting Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. App. Ct. 1979)). Furthermore, the action must "at the very least, 'attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.'" Id. (quoting Levings, 396 N.E.2d at 153).

In this case, we do not agree that the factual disputes raised by defendants represent genuine issues of material fact that would impede plaintiffs from obtaining summary judgment on either plaintiffs' claims or defendants' counterclaims.

First, defendants claim that plaintiffs promised to provide them with more than just medical equipment and financing services and that their agreement included such things as market assessments, a business plan, and consulting services. At the outset, we observe that the defenses and counterclaims raised by defendants did not include allegations that plaintiffs failed to deliver contracted-for services. Rather, defendants' contentions were founded on plaintiffs' purported misrepresentations of information such as the number of procedures the imaging facility would perform and the profit that it could be expected to earn. We thus find it difficult to perceive how a promise to provide certain services squares with the relevant allegations.

Moreover, even if defendants had averred that plaintiffs' failure to fulfill these promises formed the basis of their defenses or counterclaims, defendants have failed to demonstrate that this creates a genuine issue of material fact. The evidence that plaintiffs submitted to support their motion for summary judgment included the deposition testimony of a former Siemens

salesman who worked on defendants' account. During his deposition, the salesman testified that a presentation that he helped in making to defendants enumerated the types of services that plaintiffs could provide but not services that they had committed to provide in the context of the parties' agreement. The defendants did not offer evidence to refute that testimony, nor did they otherwise demonstrate that Siemens had agreed to actually perform the services in question. In the same vein, defendants have not presented any evidence to show that plaintiffs' description of available services was in any way inaccurate. Thus, the nature of the presentation by plaintiffs is undisputed.

The defendants further contend that plaintiffs' failure to deliver the consulting service known as the "Compass Program" represents a genuine issue of material fact that should have precluded summary judgment. According to defendants, they made a $4,000 deposit towards the program but no service was rendered. It is undisputed that the $4,000 eventually was applied to defendants' obligations under the lease. As with the purported factual dispute described above, however, any alleged failure by plaintiffs to fulfill their contractual obligations was not the basis of the defenses or counterclaims raised by defendants, which are in the nature of misrepresentation.

With respect to the assertions that actually were raised in the answers and counterclaims, defendants argue that the Demographic Profile provided to them by plaintiffs misrepresented the need for a medical imaging center in the Woonsocket area and that the figures included in a business plan misrepresented the likely success of the venture. Between them, the business plan and the Demographic Profile contained both factual information and projections, yet, in our opinion, defendants cannot show a genuine issue of material fact regarding the misrepresentation of either the facts or the forecasts.

It appears to be well settled under Massachusetts law that "matter[s] of opinion, estimate, or judgment" cannot form the basis of a misrepresentation. Russell, 772 N.E.2d at 1066 (quoting Powell, 243 N.E.2d at 168); see also Stolzoff v. Waste Systems International, Inc., 792 N.E.2d 1031, 1041 (Mass. App. Ct. 2003) ("A statement on which liability for fraud may be based must be one of fact; it may not be one of opinion, or conditions to exist in the future, or matters promissory in nature." citing Yerid v. Mason, 170 N.E.2d 718, 719-20 (Mass. 1960)). Thus, any forecasts of the future performance of the imaging center cannot form the basis of a misrepresentation claim or defense. Additionally, to the extent that the Demographic Profile also contained historical data, defendants have not offered any evidence disputing the data's accuracy. See Russell, 772 N.E.2d at 1066 (explaining the need to show that a statement was false to prevail on a claim of misrepresentation).

Further, assuming that projections of the performance of the imaging center were the proper subject of a misrepresentation claim, the record does not support a conclusion that defendants relied on the numbers contained in the information provided to them. When Itani, appearing on behalf of Stonebridge pursuant to Rule 30(b)(6) of the Superior Court Rules of Civil Procedure,[6] testified at a deposition, he was clear that he had not trusted the prediction of

---

[6] Rule 30(b)(6) of the Superior Court Rules of Civil Procedure provides, in pertinent part, as follows:

> "A party may * * * name as the deponent a public, private or governmental organization and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall serve and file, prior to the deposition, a written designation which identifies one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and shall set forth, for each person designated the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The person so designated shall testify as to matters known or reasonably available to the organization."

the number of procedures that the imaging center would perform. Instead, he said that he reduced those forecasts by half to arrive at his own expectations of the center's performance.

In Rodi v. Southern New England School of Law, 532 F.3d 11, 16 (1st Cir. 2008), the First Circuit Court of Appeals, applying Massachusetts law, affirmed a grant of summary judgment based on a lack of reasonable reliance. In that case, a law student maintained that his school's deans had misrepresented facts about the school's accreditation prospects. Id. at 13-15. However, in granting summary judgment, that court reasoned that the student's continued transfer attempts sabotaged his argument that he relied on the representations made by the deans. Id. at 16. The court said that the student's attempt to explain "his failure to withdraw the [transfer] application[s]" by claiming that he relied on the deans' statements was "merely a conclusory allegation insufficient to defeat summary judgment." Id. The Rodi court also held that the reliance, if any, by the student was unreasonable as a matter of law, in part because of a disclaimer displayed in the school's catalogue. Id. at 17-18.

Here, defendants are similarly positioned: they have not demonstrated a genuine issue of material fact regarding their asserted reliance on the projections by plaintiffs. Itani's admissions that he doubted the accuracy of the numbers provided by Siemens and therefore reduced them by half rather than accepting them undermine his assertions that he relied on any representation by Siemens. Moreover, the Demographic Profile's inside cover features a disclaimer. The disclaimer, in addition to noting that the "forecasts * * * should not be taken as a prediction of the future," encouraged the customer "to seek independent verification of current or future demand for healthcare services." In our opinion, defendants have not satisfied their burden of coming forward with a genuine dispute of fact about whether they relied on the projections.

Indeed, even if they had so relied, they have not shown a genuine issue as to the reasonableness of that reliance.

The defendants' Mass. Gen. Laws ch. 93A counterclaims are coterminous with their fraud and misrepresentation claims; that is, the same factual allegations underlie all the counts. Thus, the flaws with the fraud and misrepresentation claims also prove fatal to the chapter 93A claim. See Rodi, 532 F.3d at 19 (affirming summary judgment on chapter 93A claims that were based on the same facts as fraudulent misrepresentation claims for which no reasonable reliance could be shown). To prevail under chapter 93A, the conduct at issue must "attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce." Eastern Motor Inns, Inc., 565 A.2d at 1274 (quoting Levings, 396 N.E.2d at 153). As described above, the alleged misrepresentations were either non-actionable projections, not shown to have been false, or not relied upon by defendants. We perceive no rascality or hijinks in the facts of this case that would entitle defendants to relief under Mass. Gen. Laws ch. 93A.

We conclude that there are no genuine issues of material fact. Thus, summary judgment was proper on both the plaintiffs' claims and the defendants' counterclaims.

## IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court. The papers shall be remanded to that court.

- 11 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Siemens Financial Services, Inc., et al. v. Stonebridge Equipment Leasing, LLC, et al.

**CASE NO:**  No. 2013-152-Appeal.
(PB 09-1677)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  June 6, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty**,** Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Michael A. Silverstein

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Armando E. Batastini, Esq.

For Defendants:  Randall L. Souza, Esq.