ROCKLAND-ATLAS NATIONAL BANK OF BOSTON
*vs.* WILLIAM J. BARRY.

Suffolk.    May 7, 1957. — June 24, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Pledge. Insurance,* Life insurance: pledge of policy.

A holder of notes authorizing him to pay the premiums, or apply the proceeds of policy loans to the payment of the premiums, on a policy of insurance on the life of the maker pledged as collateral security for the notes was not under any duty to realize and apply the cash surrender value of the policy within a reasonable time after the pledge, nor required to credit the cash surrender value to the notes before recovering judgment on them, nor lacking "in the exercise of ordinary care" toward the maker in pursuing over a substantial period, to the knowledge of the maker, a course of obtaining policy loans and applying the proceeds thereof to premiums unpaid by the maker, even if the value of the policy was reduced thereby.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 14, 1955.

The action was heard by *Roberts, J.*

*James F. Sullivan,* for the defendant.

*Charles C. Craig,* for the plaintiff.

COUNIHAN, J.   This is an action of contract brought in the Municipal Court of the City of Boston in which the plaintiff seeks to recover on several promissory notes made and delivered to the plaintiff by the defendant.   The declaration is in twenty-two counts, count 1 of which is on a note for $48,577.76 dated November 12, 1948, and counts 2 to 22 of which are on notes in various amounts aggregating $16,323.09 and dated at various times from March 7, 1949, to June 4, 1954.   The answer was a general denial and "that if he ever did owe the plaintiff anything valuable collateral was pledged by him to the plaintiff to secure any debt due the plaintiff and the same has long since been held by the plaintiff in payment thereof and he now owes the plaintiff nothing."   It is conceded by the defendant that no question is presented either by the pleadings or by the evidence with respect to the genuineness of the signature, consideration, fraud or misappropriation of collateral.

The trial judge denied nine of the fifteen requests for rulings presented by the defendant and found for the plaintiff "on its declaration."   A report to the Appellate Division was dismissed and the defendant appealed.

The facts, which were not in dispute, are as follows: All of the notes sued upon were made and delivered between November 12, 1948, and June 4, 1954.   They were all secured by an ordinary insurance policy on the life of the defendant which was pledged as collateral.   The policy was issued on February 5, 1930, by the National Life Insurance Company, with payments of premiums quarter annually increasing annually in amount through the fifth year of the policy and thereafter in annual payments of $3,114 payable quarterly during the life of the defendant.

The note of November 12, 1948, for $48,577.76 was given by the defendant to refinance a prior note of $29,600 dated September 17, 1935, plus payments of $19,336.22 made by the plaintiff for premiums between 1935 and 1948, less $358.46 credits due the defendant.   The policy had been earlier pledged as collateral in 1932 for loans made by the plaintiff to the defendant.   When the defendant failed to

pay the premiums as they came due during the period from September 17, 1935, to November 12, 1948, the plaintiff advanced the money to pay them or borrowed the money from the insurance company on the cash surrender value of the policy. During that period the plaintiff borrowed the sum of $17,720.61 in this last manner. Between 1948 and 1954 the sum of $6,035.47 was similarly borrowed. It is admitted by the defendant that, as a result, on May 5, 1956, the death benefit was reduced from $50,000 to approximately $20,473.14 and the cash surrender value on the same date was $3,433.14. The policy at that time had no loan value.

Before us the defendant has argued only three of his requests for rulings which the judge denied. We do not therefore pass upon any other of his requests. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

Request numbered 4[1] sought a ruling that the plaintiff was required to apply the cash surrender value of the policy within a reasonable time after the assignment of the policy. This request was properly denied. This appears to be hindsight and if it were true the defendant would not have been able to refinance his indebtedness to the plaintiff on November 12, 1948, when he gave the plaintiff the note of $48,577.76. Moreover, the plaintiff was not required to realize on its collateral security by surrendering the policy for its cash value. *Granite Bank* v. *Richardson,* 7 Met. 407. *Whitman* v. *Boston Terminal Refrigerating Co.* 233 Mass. 386. *National Shawmut Bank* v. *Hallett,* 322 Mass. 596, 603. Nothing in any of the assignments or in any of the notes required such action.

There was likewise no error in the denial of the defend-

[1] "That as matter of law the plaintiff was required to liquidate the said insurance policy #563279 pledged to it as collateral security and apply the cash surrender value thereof within a reasonable time after its assignment to the plaintiff to the indebtedness of the defendant before obligating itself and the defendant to pay premiums or borrow against the loan value of the policy the total of $44,276.14 to preserve the security pledged with it for an original indebtedness of $29,600."

ant's request numbered 10[1] to the effect that the plaintiff must credit the cash surrender value of the policy prior to obtaining judgment. It is settled that a secured creditor may proceed against a debtor without first realizing upon the collateral security. *Hale* v. *Rider*, 5 Cush. 231. *Miller* v. *Levitt*, 226 Mass. 330. *Weiss* v. *Balaban*, 315 Mass. 390.

There was no error in denying the defendant's request numbered 15[2] to the effect that the plaintiff did not exercise ordinary care in the custody of the policy. The defendant apparently seeks to apply the law of trusts to the situation existing between the parties. Their relationship, however, was one of creditor and debtor and not a fiduciary one. *National Shawmut Bank* v. *Hallett*, 322 Mass. 596, 602. The plaintiff was authorized by the terms of the notes to pay the premiums or apply policy loans to the payment of them, and if this resulted in reducing the value of the policy pledged the defendant suffered no wrong. The plaintiff did not prevent the defendant from redeeming the collateral if he tendered or paid the indebtedness which it secured. *Anderson* v. *Home National Bank*, 290 Mass. 40, 45.

The defendant was aware of the course the plaintiff was pursuing for he gave it notes from time to time for advances made by the plaintiff to pay premiums. He must have known that the difference between such advances and the amount of the premiums was made up by policy loans.

---

[1] "That as matter of law, where the sum payable upon death under policy #563279 of the National Life Insurance Company held by the plaintiff by assignment from the defendant, is incapable of determination in a sum certain until the death of the defendant, the plaintiff must elect before entry of finding and judgment for the full amount of the notes declared upon herein, either (a) to credit to the debt due the plaintiff from the defendant, the cash surrender value of said policy, or (b) surrender said policy to the National Life Insurance Company at its cash surrender value and credit the amount received as proceeds of said surrender value to the amount of the notes declared upon."

[2] "That, as matter of law, the plaintiff was not in the exercise of ordinary care as assignee of the defendant in the custody of said insurance policy #563279, in continuing to pay insurance premiums on said policy in the total amount of $16,323.09 after November 12, 1948, to May, 1954, when the cash surrender value on November 12, 1948, was $-26.83 and the death benefit of said policy of its anniversary date of May 5, 1956, was $20,473.14, and the cash surrender value on the same date was $3,433.14."

We are of opinion that this case in its essential aspects is controlled by *National Shawmut Bank* v. *Hallett*, 322 Mass. 596.

*Order dismissing report affirmed.*