ROGER C. RAO & another[1] vs. BOARD OF REGISTRATION OF REAL ESTATE BROKERS AND SALESMEN. February 1, 1982. Roger C. Rao is a licensed real estate broker (see G. L. c. 112, §§ 87PP through 87DDD, inclusive) and is the designated officer (see § 87UU) of Page Realty, Inc. (Page), which has a corporate real estate broker's license. Rao received an exclusive listing of a property in Franklin said by his customer, Joseph or Michael Stivaletta, to be owned by the "5 J's Trust." Rao had previously acted on behalf of the Stivalettas, who were brothers. Michael Stivaletta signed a purchase and sale agreement on behalf of the seller and Rao and Page represented that 5 J's Trust was the owner. In fact, the owner of record was "5 J's Co., Inc.," of which Joseph Stivaletta was president. Joseph Stivaletta refused to perform the agreement and the deposit was returned to the proposed buyers.

Upon complaint to the Board of Registration of Real Estate Brokers and Salesmen, Rao and Page were cited with a violation of G. L. c. 112, § 87AAA, inserted by St. 1957, c. 726, § 2, and, after hearing, the board suspended their licenses for two weeks on the ground that Rao "knowingly made [a] substantial misrepresentation" as to the true owner of the property. On review under G. L. c. 112, § 87BBB(C), and upon cross motions for summary judgment, the Superior Court correctly set aside the decision of the board. The language of G. L. c. 112, § 87AAA(a), authorizing discipline of a real estate broker who "knowingly made any substantial misrepresentation," requires that the broker have actual knowledge of the untruth of the facts said to be misrepresented. Cases of common law misrepresentation or those arising under G. L. c. 93A, which require a person making representations to exercise diligence in familiarizing himself with the underlying facts, are not in point with respect to a statutory provision governing misrepresentations knowingly made. See *Commonwealth* v. *Horsfall*, 213 Mass. 232, 236-237 (1913), and *Scola* v. *Scola*, 318 Mass. 1, 7 (1945). Compare *McMahon* v. *M & D Builders, Inc.*, 360 Mass. 54, 58 (1971); *Slaney* v. *Westwood Auto, Inc.*, 366 Mass. 688, 703 (1975); *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980). Compare also *Commonwealth* v. *Colonial Motor Sales, Inc.*, 11 Mass. App. Ct. 800, 808-809 (1981). Parenthetically, it would generally require a title search to determine reliably who is the owner of record of real estate and it is not ordinarily the duty of a real estate broker to make such an examination.

*Judgment affirmed.*

The case was submitted on briefs.

*Francis X. Bellotti*, Attorney General, & *E. Michael Sloman*, Assistant Attorney General, for the defendant.

*Joseph T. Travaline & Deborah C. Noonan* for the plaintiffs.

---

[1] Page Realty, Inc.