RADIOLOGY RESOURCES, INC. *vs.* GIBSON L. BUSFIELD & others.[1]

Middlesex.   June 9, 1986. — July 15, 1986.

Present: GREANEY, C.J., KAPLAN, & ARMSTRONG, JJ.

*Insurance,* Construction of policy, Multiperil policy.

A provision of a commercial multiperil insurance policy limiting the insurer's liability to $1,000 in the event of losses of "silver . . . and other precious alloys or metals" was applicable to the loss of some seventy-two pounds of a product called photo waste, consisting of 92.5% silver in elemental form, which had been reclaimed from used photographic fixer by the insured during the course of his business and was being held for sale to a buyer at a price derived from the current value of silver. [521]

CIVIL ACTION commenced in the Superior Court Department on July 21, 1980.

The case was tried before *Joseph S. Mitchell, Jr.,* J.

*Francis M. Lynch* for Middlesex Insurance Company.

*Joseph A. Monteforte* for the plaintiff.

*D. Alice Olsen* for Gibson L. Busfield & others.

ARMSTRONG, J.   The plaintiff is a supplier of X-ray film and supplies to hospitals and doctors. Part of its operation involves the recycling of used photographic materials. By an electrolytic process it reclaims silver from used fixer. The product, called photo waste, takes the form of sandy flakes, dull gray on one side and shiny on the other, and consists of approximately 92.5% silver in elemental form. The photo waste is then sold to a buyer (presumably for fabrication into silver products) at a price derived by formula daily from the current market value of silver.

---

[1] Wilcox-Hodges Insurance Agency, Inc., Hastings-Tapley Insurance Agency, Inc., and Middlesex Insurance Company.

Radiology Resources, Inc. *v.* Busfield.

On January 15, 1980, when the Handy-Harmon price of silver was quoted at $41.30 per Troy ounce, photo waste in the claimed amount of seventy-two pounds disappeared from the plaintiff's premises shortly before the arrival of the buyer. The plaintiff filed a claim for the loss under its commercial multiperil policy, but the defendant Middlesex Insurance Company (insurer) invoked a provision of the policy limiting its liability (with exceptions not here applicable) to $1,000 in the event of losses of "jewelry and watches, watch movements, jewels, pearls, precious and semi-precious stones, bullion, gold, silver, platinum and other precious alloys or metals." The plaintiff then brought this action, which, as narrowed by the plaintiff's opening statement to the jury and understandings stated by the judge before evidence was received,[2] proceeded against the insurer on the theory that photo waste was not "silver" within the meaning of the limitation clause and that the loss was therefore covered in full by the policy, and in the alternative against the other defendants (agents) on the theory that they had negligently failed to arrange for coverage to the extent sought by and represented to the plaintiff. One count, framed against all the defendants under G. L. c. 93A (unfair and deceptive trade practices), was reserved for separate trial without jury. See *Nei* v. *Burley*, 388 Mass. 307, 311-315 (1983); *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 577-578 (1986).

At the close of the evidence the insurer moved for the entry of judgment against it in the amount of $1,000 and a directed verdict as to liability in excess of that amount, in effect acknowledging the fact of the loss and coverage of some sort under the policy.[3] It did not concede the amount of the loss in

[2] The understandings, assented to either expressly or implicitly by counsel for all parties, had the effect of removing the insurer as a defendant in the counts (other than the G. L. c. 93A count) predicated on the agents' failure to arrange for a policy which would have covered the loss.

[3] The insurer's contention in its brief that coverage for the loss is excluded altogether by § 1(VI)(A)(2) of the policy ("unexplained or mysterious disappearance of property") is inconsistent with the position it took at trial and, in any event, may not be raised for the first time on appeal. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977).

excess of the claimed policy limit. The judge denied the motion, ruling that the policy was ambiguous in the application of the limitation clause to photo waste. He further ruled that the interpretation of the limitation clause presented a question of law for the court, and, in light of the undisputed testimony as to the characteristics of photo waste, that the application of the policy to the loss suffered similarly presented no question for the jury. He ruled that, as matter of law, the limitation clause did not apply to the loss and thus the insurer was liable under the policy for the entire loss. Accordingly, he directed verdicts for the agents, and he submitted to the jury the sole remaining question of fact: namely, the amount of the loss. On the jury's verdict in the amount of $12,500, a judgment, so-called, was entered against the insurer and in favor of the agents on the applicable counts. The "judgment" did not purport to dispose of the count framed under G. L. c. 93A, and appeals by the plaintiff and by the insurer were dismissed by this court.[4]

After further proceedings in the Superior Court, a final judgment was entered in the action, disposing of the G. L. c. 93A claim in favor of all defendants and of the other claims in accordance with the jury's verdict. From that judgment the insurer filed a notice of appeal. The plaintiff did not appeal, thus, in effect, waiving any right it might have had to retrial of its claims against the agents if the judgment against the insurer should be reversed on appeal.[5] See, as to the necessity for a cross appeal, *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 726-727 (1977), and cases cited. See also 9 Moore's

---

[4] There were other grounds cited for dismissal of the appeals, which need not be gone into here. Dismissal was proper at least on the ground that the so-called judgment was not such in law, because it did not dispose of all claims. See Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974); *Acme Engr. & Mfg. Corp.* v. *Airadyne Co.*, 9 Mass. App. Ct. 762, 764 (1980); *Bragdon* v. *Bradford O. Emerson, Inc.*, 19 Mass. App. Ct. 420, 421-422 (1985). No determination had been made for the entry of judgment on fewer than all the claims. See Mass.R.Civ.P. 54(b); *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252 (1980).

[5] The plaintiff would also face other obstacles, because there were independent reasons for directing verdicts for one agent on all counts and for the other two agents on some counts.

Federal Practice par. 204.11[4], at 4-54 (2d ed. 1985); *Anthony* v. *Petroleum Helicopters, Inc.*, 693 F.2d 495, 498 n.6 (5th Cir. 1982).

The judge was correct in ruling that the application of the policy language to known facts presented a question of law for the court. Compare *Ober* v. *National Cas. Co.*, 318 Mass. 27, 29-30 (1945); *Sherman* v. *Employers' Liab. Assur. Corp.*, 343 Mass. 354, 356 (1961); *Biathrow* v. *Continental Cas. Co.*, 371 Mass. 249, 251 (1976); *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146-147 (1982). He was also correct in ruling that ambiguous words in an insurance contract are to be construed against the insurer. See *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 225 (1971), and cases cited.

We do not agree, however, that the word "silver," at least in the context of a standard form multiperil policy for commercial and industrial applications, is an ambiguous word. In such a setting the word calls to mind not only finished silver articles (tableware, hollow ware), coins, and ingots, but also wire, bars, plates, sheets, dust, scrap, or other forms common in a commerical setting. The words "precious alloys" preclude any test based on purity, particularly where the silver in question here approximates sterling or coin silver in that respect. It is not questioned that photo waste is silver in its elemental, metallic form. In the circumstances, we hold that photo waste is silver within the meaning of the policy limitation clause. An argument can be made that it also is "bullion" as that word is used in the clause. See *Jarrell-Ash Co.* v. *United States*, 278 F. Supp. 658, 660-661 (Cust. Ct. 1968); *United States Smelting Ref. & Mining Co.* v. *Aetna Cas. & Sur. Co.*, 372 F. Supp. 489, 495-496 (S.D.N.Y. 1974).

Count VI of the complaint concerns the liability of the insurer under the policy. The judgment should be amended to restate that liability as $1,000, plus interest. In accordance with the concessions at trial, the judgment should also be corrected to reflect that the plaintiff takes nothing under counts I, II, III, and IV. As thus modified, the judgment is affirmed.

*So ordered.*