ACUSHNET FEDERAL CREDIT UNION *vs.* ELAINE RODERICK.

No. 87-1260.

Bristol.   September 13, 1988. — November 28, 1988.

Present: GREANEY, C.J., KASS, & WARNER, JJ.

*Fraud. Insurance*, Life insurance. *Practice, Civil*, Instructions to jury, Consumer protection case, Jury trial, New trial, Damages, Additur, Counsel fees. *Consumer Protection Act*, Wilful or knowing violation, Jury trial, Unfair act or practice. *Damages*, Mitigation, Additur, Interest.

In an action on a promissory note, the judge's incorrect instructions to the jury on the element of knowledge of falsity in the tort of misrepresentation, which was raised as a defense in the counterclaim, was not harmless error and a new trial was required. [605-606]

Where a new trial was granted because of an erroneous jury instruction in a claim on a promissory note and on the defendant's counterclaim alleging common law misrepresentation, a new trial was also granted on the defendant's nonjury counterclaim, alleging violation of G. L. c. 93A, based on the identical facts. [606-608]

At the trial of an action on a promissory note there was no error in the judge's declining to instruct on the plaintiff's duty to mitigate damages by foreclosing on the collateral, an automobile, where the applicable provision of the Uniform Commercial Code, G. L. c. 106, § 9-501 (1), provided that the plaintiff was not required to foreclose before instituting an action. [608-609]

Upon a verdict in a civil case, the judge properly added interest to the damages established by the jury, as required by the provisions of G. L. c. 231, § 6C. [609-610]

In a civil case, the denial of a motion under G. L. c. 231, § 6F, for costs in connection with the hearing of a pretrial motion was reviewable pursuant to the provisions of G. L. c. 231, § 6G, and not on appeal after trial. [610]

CIVIL ACTION commenced in the New Bedford Division of the District Court Department on March 11, 1985.

On appeal to the Superior Court Department, the case was tried before *George P. Ponte*, J.

*Linda E. Abrahams* for the defendant.

*Paul J. Gillis* for the plaintiff, submitted a brief.

KASS, J. Upon a jury verdict, a judgment in the amount of $3,315.25 was entered in favor of the plaintiff, Acushnet Federal Credit Union (Credit Union). That sum reflected the unpaid principal on a promissory note ($2,878.71), plus interest.

1. *Jury instruction.* In the face of a timely and correct request for jury instruction, the trial judge erroneously charged the jury as to the tort of misrepresentation thus: ". . . that the Credit Union made the misrepresentations knowing that the statements made were false." The instruction is in error because under Massachusetts law actionable misrepresentation may occur without the speaker's knowledge that the statement is false if the truth is reasonably susceptible of actual knowledge, or otherwise expressed, if, through a modicum of diligence, accurate facts are available to the speaker. *Yorke* v. *Taylor*, 332 Mass. 368, 374 (1955). *Rice* v. *Price*, 340 Mass. 502, 506 (1960). *Powell* v. *Rasmussen*, 355 Mass. 117, 118-119 (1969). *Kozdras* v. *Land/Vest Properties, Inc.*, 382 Mass. 34, 43 (1980). *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 422 (1983). See also Restatement (Second) of Torts 526(c) (1977).[1] Defense counsel made sufficiently pointed and timely objection at the conclusion of the instructions.

The Credit Union fobs off the jury charge error as harmless, but to do so requires engaging in impermissible speculation about the jury's deliberations. Roderick, the defendant, had admitted her signature, as co-maker with her husband, on the note. Her defense was that she signed the note only after having been told by the Credit Union (she claims to have made a specific inquiry about the subject) that life insurance sufficient to pay the borrower's debt automatically attached to loans from the Credit Union. Roderick's position was that, but for that assurance by the Credit Union, she would not have co-signed

---

[1] The other elements of the tort are: a false statement of a material fact made to induce the plaintiff to act and reliance on the false statement by the plaintiff to the plaintiff's detriment. The actionable statement is one of fact, not one of expectation, estimate, opinion, or judgment. *Powell* v. *Rasmussen*, 355 Mass. at 118-119.

the note because her husband's health at the time was precarious and the prognosis for him was gloomy.

Approximately a year and one-half after the Rodericks took out the loan (it was to finance the purchase of Mr. Roderick's "dream car"), he died. Mrs. Roderick, upon application for the expected life insurance proceeds, was told by the insurer that the group policy did not cover members of the Credit Union unless when the loan was made they were actively at work at their occupations. Mr. Roderick, by reason of his illness, had not been working when the loan was taken out and was not working when he died.

In returning a general verdict for the Credit Union, the jury might well have found that no one speaking for the Credit Union had knowingly misrepresented the facts about loan life insurance, but, had they been allowed to consider the point, might have found that the facts concerning the insurance had been negligently misrepresented. The verdicts concerning Mrs. Roderick's liability on the note and the Credit Union's liability on a counterclaim must be set aside and the judgments entered on those verdicts are to be reversed. *Nickerson* v. *Matco Tools Corp.*, 813 F.2d 529, 530 (1st Cir. 1987).

2. *The chapter 93A claim.* As might be expected, Mrs. Roderick's counterclaim founded on misrepresentation was accompanied by a parallel count under G. L. c. 93A, based on the same facts, which alleged unfair and deceptive conduct by the Credit Union. This joining of a common law action with one based on statute put to the judge the choice of letting the jury find the facts for both claims, reserving to himself all aspects of the c. 93A claim, or asking the jury for a non-binding advisory as to whether the Credit Union had acted unfairly or deceptively in procuring Mrs. Roderick's signature on the note. See *Nei* v. *Burley*, 388 Mass. 307, 311-315 (1983); *Service Publications, Inc.* v. *Goverman*, 396 Mass. 567, 577-579 (1986); *Travis* v. *McDonald*, 397 Mass. 230, 233-234 (1986); *Charles River Constr. Co.* v. *Kirksey*, 20 Mass. App. Ct. 333, 337-339 (1985); *Radiology Resources, Inc.* v. *Busfield*, 22 Mass. App. Ct. 518, 519 (1986). The judge elected the last option, i.e., taking the jury's finding on an advisory basis.

The jurors found that the Credit Union had not acted unfairly or deceptively.

To the extent the jury may have been misled by being told that misrepresentation occurred only when someone consciously misstated facts, the jurors would have been similarly misinformed in considering whether the Credit Union had acted unfairly and deceptively, i.e., they would not have known that liability might accrue from false statements carelessly made but as to which the speaker, having not checked the available facts, was unaware of any falsity. That liability under c. 93A may flow from negligent misrepresentation was decided in *Glickman* v. *Brown*, 21 Mass. App. Ct. 229, 234-235 (1985).

It is less than obvious, however, that the c. 93A question must be retried. What the jury found, after all, was only advisory to the judge, who made his independent findings of fact. He found, notably, that: "Acushnet Federal Credit Union by its agent did not represent to Elaine Roderick that the loan (Exhibit 1) was covered by credit insurance." If the Credit Union made no misrepresentation about insurance at all, the element of knowing falsity or reason to know drops from the case. Uncertainty exists, however, as to the meaning of the judge's finding. When he wrote that the "Credit Union . . . did not *represent* . . . that the loan . . . was covered by credit insurance" (emphasis supplied), it is as likely as not that the judge's finding was informed by the same error which infected the jury charge, namely, that there had to be some intention to deceive Mrs. Roderick about life insurance coverage.

There is a further point at which the jury and nonjury components of the case intersect in such a manner as to cause us, on balance, to conclude that the c. 93A claim should be tried again, together with the necessary trial of the common law count. The judge made his independent findings after receiving the jury's advice that no unfair or deceptive conduct had occurred. What the jury found may have influenced what the judge found, and the deliberations of the former were contaminated by the fundamentally mistaken instructions. See *Nickerson* v. *Matco Tools Corp.*, 813 F.2d at 531.

Retrial of the nonjury element of the case involves scarcely any expenditure of judicial resources. The facts underlying common law misrepresentation must be retried in any event and they are identical to those which underlie a c. 93A claim founded on misrepresentation. The same witnesses and evidence will speak to the factual issues. To be sure, the trial judge will be obliged to prepare written findings (Mass. R.Civ.P. 52[a], 365 Mass. 816 [1974]), although the judge, should he choose so to do, can obviate that task by accepting the jury's findings of fact as binding. If the judge wishes to be informed by the jury on particular facts only, that objective can be achieved by requiring the jury to return a special verdict in the form of a special written finding upon the specific issues of fact thought by the judge to be determinative. See Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974).

3. *Other issues*. We discuss briefly several other issues argued in the briefs and which may arise in a new trial.

(a) *Mitigation of damages*. Mrs. Roderick contends that the Credit Union failed its obligation to mitigate damages, a failure the jury were not able to consider because the judge refused to instruct on mitigation of damages. There was evidence that the Credit Union declined to repossess and resell the Roderick car, delayed three months in informing Mrs. Roderick whether there was credit life insurance, and declined to allow a potential buyer to assume Mrs. Roderick's debt.

Under § 9-501(1) of the Uniform Commercial Code (G. L. c. 106, § 9-501[1], as appearing in St. 1979, c. 512, § 7) a secured party "may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure . . . The rights and remedies referred to in this subsection are cumulative." It follows from the statutory text that a secured party has the choice of instituting an action on the debt without first looking to the security interest. The collateral may, after all, not look attractive to the secured party. See *Michigan Natl. Bank* v. *Marston*, 29 Mich. App. 99, 106 (1970); *Avco Fin. Servs., Inc.* v. *Christiaens*, 201 Mont. 117, 120 (1982); White and Summers, Uniform Commercial Code § 25-4 (3d ed. 1988). In this regard, i.e., in not

requiring a secured creditor first to realize on the security, the Code worked no change in preexisting Massachusetts law. See *Rockland-Atlas Natl. Bank* v. *Barry*, 336 Mass. 220, 222-223 (1957).

In view of the Credit Union's option not to pursue the secured property, an instruction concerning whether the credit union acted diligently in connection with it would have been misplaced. If there was any failure to notify the defendant more promptly than she was that there would be no life insurance, it has not been made to appear how this injured her. There was no error in declining to instruct on the Credit Union's duty to mitigate damages by disposing of the collateral.

(b) *Additur*. Nevertheless, the jury appears to have been unimpressed with the Credit Union's effort to ease Mrs. Roderick's predicament. In returning their verdict they stipulated that the Credit Union was to receive "no accrued interest." The judge ordered an additur of $436.54 on account of 565 days of interest at 18% per year. In the circumstances, the use of the word "additur" was a misnomer. A judge may, under Mass.R.Civ.P. 59(a), 365 Mass. 327 (1974), allow the defendant to accept an addition to the verdict as the judge thinks reasonable and, failing that, order a new trial as to damages. *Freeman* v. *Wood*, 379 Mass. 777, 778-779 (1980). That was not the procedure followed. The Credit Union moved for an "additur" and the docket reflects that the judge allowed the motion to pay the additional amount without giving the defendant the choice of a new trial. As an additur, the judge's order was invalid. In this particular case the error is academic as to result. Under G. L. c. 231, § 6C, the judge was not only authorized but obliged to add interest at the contract rate to the liability for the principal of the note established by the jury. Indeed, the judge understood this, as he demonstrated by his observation as to the jury's express exclusion of interest, "I can disregard that particular thing and enter judgment for the amount of the verdict plus the accrued interest . . . ." This was correct. As the genuineness of the note, its terms, and the defendant's signature were not disputed, the question of whether interest was due on the note was one of law, not of

fact. See *Roberts* v. *Grise*, 387 Mass. 1004 (1982). Compare, as to the court's responsibility for calculating interest, although not on a contractual obligation, *Griffin* v. *General Motors Corp.*, 380 Mass. 362, 367 (1980); *Elias* v. *Ford Motor Co.*, 734 F.2d 463, 466 (lst Cir. 1984).

(c) *Counsel fees.* The denial of Roderick's motion for costs under G. L. c. 231, § 6F, (in connection with her defense against a particular motion to dismiss in the Superior Court) is not properly before us. The route of appeal from action under G. L. c. 231, § 6F, is to a single justice. See G. L. c. 231, § 6G. An appellate court may award fees and costs under Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), see, e.g., *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-460 (1984), but that rule relates to frivolous appellate proceedings and cannot be made to reach maneuvers in the trial court.

The judgments are reversed, and the case shall stand for a new trial in accordance with this opinion.

*So ordered.*