Toomey, J.
This case arrives before the court on Defendant’s, Century 21 Henderson Realtors (Century 21), Motion for Summary Judgment. Plaintiffs, Douglas W. Stone and Suzanne Stone (collectively Stones), instituted action against Century 21, et al, seeking damages arising out of their purchase of certain real property in Northbridge. The Stones allege that a Century 21 broker (“Anderson”) negligently represented that a Massachusetts Electric Company (Mass. Electric) easement would not interfere with their enj oyment of the property. They claim that Century 21 asserted that the easement was sixty feet wide when, in fact, the easement has an eighty foot width. Century 21 now pursues summary judgment, arguing that its broker reasonably relied on a survey prepared by an independent, certified surveyor and that, therefore, Century 21 cannot, as a matter of law, be held liable for the statements. For the reasons that follow, Century 21’s motion for summary judgment will be DENIED.
BACKGROUND
In March 1993, the Stones commenced discussions with Robert Anderson, a Century 21 real estate broker, concerning the purchase of a single family home in a new residential locus, Highland Hills, in Northbridge. The discussions occurred in the Century 21 office trailer at the Highland Hills location. At the time, Highland Hills was an undeveloped subdivision and Century 21’s office contained plot plans showing subdivision lots and individual house plans.
Anderson showed the Stones a plot plan for lot 73 in the subdivision. The lot had a Mass. Electric easement running through it. The Stones contend that the plot plan depicted the easement as running through the properly, but not running through the house. The Stones further allege that Anderson represented that electric lines would not run with the easement, that the easement would not interfere with the use of the proposed house, and that the house would not be situated within the easement. Finally, the Stones allege that Anderson represented that the easement was sixty feet wide. In reality, the easement was eighty feet wide.
In the matter now at bar, Century 21 asserts its entitlement to summary judgment on the grounds that its representations concerning lot 73 violated no duty to the Stones. Arguing that it had no obligation to undertake a title examination, Century 21 rejects the proposition that it breached a duty to the Stones by failing to research and verify the actual width of the easement. Moreover, Century 21 asserts, its reliance upon a plan provided it by Land Planning, Engineering & Surveyors, a registered property surveyor and co-defendant insulates Century 21 from liability. At bottom, then, the summary judgment issue before this court is whether, as a matter of law, Century 21 can be held liable for the representations of its agent made in reliance upon the survey prepared by Land Planning, Engineering & Survey.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to judgment as amatter of law. Mass.R.Civ.P. 56(c); McNeil v. Metropolitan Property & Liability Ins. Co., 420 Mass. 587, 598 (1995). The moving party bears the burden of affirmatively demonstrating the *193 absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party demonstrates the absence of a triable issue, the party opposing the motion must, in order to defeat the motion, present specific references to the record establishing the existence of a genuine issue of material fact. Id. at 17. The opposing party cannot, however, rest only upon his or her pleadings or upon mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Century 21 argues that the Stone’s allegations would impose upon it a duty unrecognized by Massachusetts law. The realtor asserts that Anderson reasonably relied on a plan prepared by a registered surveyor when Anderson described the easement, and its likely implications for the property, to the Stones. Any imposition of liability for these statements, Century 21 suggests, will amount to a holding that the realtor owed the Stones a duty itself to conduct a title search. Century 21 concludes that such a duty does not exist in Massachusetts and that, therefore, summary judgment in Century 21’s favor is appropriate.
The Stones respond to Century 21’s contentions by arguing that Century 21 failed in its duty adequately to research the accuracy of the statements made by Anderson before the comments were conveyed to the Stones. Additionally, the Stones argue that their reliance upon Anderson’s statements for their decision to purchase was reasonable in view of Anderson’s professed knowledge of the easement and Century 21’s special relationship to the property.[3] Accordingly, the Stones contend that a number of fact issues remain, particularly those relating to Century 21’s duty to the Stones, and those issues preclude the entry of summary judgment for Century 21.
The Appeals Court teaches that “[a] claim for misrepresentation requires that the plaintiff show a false statement of material fact made to induce the plaintiff to act and reliance on the false statement by the plaintiff to his detriment.” McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 575 (1995). Even if the speaker does not know the statement is false, liability will attach where the speaker could have obtained accurate facts through the exercise of a modicum of diligence. See Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991). In that regard, the court has upheld liability imposed on real estate brokers for misrepresentations that induced property buyers to purchase the subject property. See McEneaney, 38 Mass.App.Ct. at 576. Conversely, where the real estate broker demonstrated reasonable diligence and then innocently misrepresented a material fact, liability has been held not to attach. See Lawton v. Dracousis, 14 Mass.App.Ct. 164, 171 (1982) (broker exercised reasonable care by taking buyer to building inspector’s office and relying on inspector’s erroneous statement that no building code violations existed). In sum, genuine issues of material fact are not uncommon in broker-misrepresentation litigation.
The facts underlying the case at bar are largely undisputed. Anderson informed the Stones that the Mass. Electric easement spanned only sixty feet and that the house would not be located within the easement. Both of the statements were inaccurate. Additionally, there is no contest, at least for purposes of summary judgment, that Anderson’s comments induced the Stones to purchase the particular lot in question. The ultimate issue for the court’s resolution, then, is whether Century 21 incurs liability for Anderson’s misrepresentations even though Anderson believed the statements to be true when were made and even though Anderson relied upon a survey produced by a certified surveyor.
Based on the facts established in the summary judgment record, the court cannot conclude, as a matter of law, that Century 21 launched a sufficient inquiry into the size and effect of the Mass. Electric easement to warrant the entry of summary judgment on its behalf. In Sheehy v. Upton Indus., Inc., 24 Mass.App.Ct. 188, 194 (1987), the Appeals Court declined to enter summary judgment for a real estate broker on facts similar to those now before the court. Although the broker in Sheehy, when asked about the presence of hazardous contamination on the subject property, merely replied “don’t worry about it,” the Appeals Court reversed the Superior Court’s grant of summary judgment for the broker, noting that the broker’s comment “could be found to be a false statement of fact.” Id. at 192. Sheehy also found triable issues with respect to the buyer’s reliance. That the buyer was an experienced businessman, was represented by counsel and would not likely have relied on the broker’s representation in his decision to purchase did not avoid a fact issue as to his reliance vel non. See id. at 193-94. While the case at bar does not turn on the issue of buyer’s reliance, Sheehy is helpful because it suggests that summary judgment is unlikely to be the most appropriate vehicle for determining the fact intensive issues of reasonableness by both broker and buyer in the misrepresentation context. See id
Century 21’s inquiry into the condition and effect of the easement did indeed rely heavily, if not exclusively, on the survey provided by Land Planning, Engineering & Survey. That circumstance does not, however, entitle Century 21 to judgment in its favor. Century 21 has cited no Massachusetts authority, and the court has not unearthed any, for the proposition that a broker’s reliance on an independently prepared survey absolves the realtor, as a matter of law, from liability for a misrepresentation.[4] There can be little dispute that Anderson presented the Stones with false information, on which they relied, in purchasing the property. Whether Century 21 should incur liability for that misrepresentation turns on the reasonableness of the inquiry prior to its broker’s conveying the representation. That question of reasonableness vel non is best left for resolution at trial. *194 Accordingly, Century 21’s motion for summaiy judgment will be DENIED.
ORDER
It is therefore ORDERED that Defendant’s Motion for Summary Judgment be DENIED.

 The Stones credited Century 21 with special knowledge of the property because the realtor’s trailer was located “on-site" and the realtor possessed a number of plot plans and house plans for the area.

 Century 21 asserts that demanding it to conduct further inquiry equates to requiring it to effect a title search prior to describing the land. In support of its argument that no such duty exists in Massachusetts, Century 21 cites Rao v. Board of Registration, 13 Mass.App.Ct. 922, 922 (1982) (rescript). That case deals with the suspension of a broker’s license pursuant to G.L.c. 112, §87AAA for a knowing misrepresentation. See id. The Appeals Court observed that a real estate broker is not ordinarily required to conduct a title search. See id. Significantly, however, the Court recognized that a license suspension for a knowing misrepresentation under §87AAA required actual knowledge of the untruth of the facts misrepresented, while cases involving common law misrepresentation required only that the offending party fail to exercise diligence in familiarizing himself or herself with the facts. See id. The Appeals Court’s recognition of the two different standards is enough to persuade this court that Rao does not control the disposition of the case sub judice.